IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-HC-2036-D

| | |
|---|---|
| PHILLIP BOYD MCLEOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANGELA DUNBAR, et al., ) | |
| ) | |
| Respondents. ) | |

On February 9, 2012, Phillip Boyd McLeod ("McLeod" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Pet. [D.E. 1], along with a memorandum in support, Mem. Supp. Pet. [D.E. 1-1], and a motion for appointment of counsel [D.E. 3]. McLeod seeks leave to proceed in forma pauperis [D.E. 2]. The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243.

On April 4, 2007, pursuant to a superseding indictment, a grand jury in the Eastern District of North Carolina indicted McLeod for two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, four counts of possession with intent to distribute, distribution, and aiding and abetting distribution of cocaine base (crack) in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. McLeod, No. 5:07-CR-62-BO-1, [D.E. 12] (E.D.N.C. Apr. 4, 2007). On June 5, 2007, McLeod pled guilty, pursuant to a written plea agreement, to four counts of the superseding indictment. Id., [D.E. 24–25] (E.D.N.C. June 5, 2007); see Pet. 3. On November 13, 2007, at McLeod's sentencing, the court granted the government's motion for a downward departure and sentenced McLeod to three

concurrent terms of 90 months' imprisonment and one consecutive term of 40 months' imprisonment. See McLeod, No. 5:07-CR-62-BO-1, [D.E. 33] (E.D.N.C. Nov. 13, 2007). McLeod did not appeal.

Although McLeod filed the current action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his sentence. Specifically, McLeod seeks resentencing in light of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Mem. Supp. Pet. 7–9. McLeod must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. Vial, 115 F.3d at 1194 n.5. McLeod has not demonstrated that section 2255 is an "inadequate or ineffective" remedy, and he may not proceed on his claim under section 2241. See, e.g., 28 U.S.C. § 2255(h)(1); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."), cert. denied, 131 S. Ct. 620 (2010); United States v. Poole, 531 F.3d 263, 267 & n.7 (4th

2

Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor.").

Because McLeod has not filed a section 2255 petition, the court may convert the instant petition into a section 2255 petition if McLeod consents. See Castro v. United States, 540 U.S. 375, 377 (2003). However, a court cannot recharacterize a pro se litigant's motion as the litigant's first section 2255 motion unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id.; see Provenzale v. United States, 388 F. App'x 285, 287 & n.1 (4th Cir. 2010) (per curiam) (unpublished) (holding that a section 2241 petitioner's original section 2255 motion did not bar the filing of another section 2255 motion without pre-filing authorization because the petitioner voluntarily withdrew his original section 2255 motion); United States v. Blackstock, 513 F.3d 128, 134 (4th Cir. 2008).

Having concluded that McLeod's petition should be converted to a motion under section 2255, the court gives McLeod until July 30, 2012, to express his consent to the conversion or to withdraw or amend his petition. See Castro, 540 U.S. at 383. The court also informs McLeod that second or successive motions under section 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted. Furthermore, any conversion to a section 2255 motion will require the court to transfer the motion to "the court which imposed the sentence . . . ." See id. § 2255(a).

Finally, the court informs McLeod that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year limitation period. See id. § 2255(f). The court

3

expresses no opinion on whether the sentencing court will find that McLeod's section 2255 motion may be dismissed as time-barred. See, e.g., Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) (per curiam) (unpublished).

In sum, the court DIRECTS McLeod to file a response not later than July 30, 2012, indicating whether he consents to having this petition converted to a section 2255 motion and transferred to the sentencing court. The court DENIES petitioner's motion for appointment of counsel [D.E. 3] without prejudice, and DIRECTS the Clerk of Court to refile McLeod's motion for reduction of sentence pursuant to 28 U.S.C. § 3582(c)(2), [D.E. 1-1] 23–28, in McLeod's criminal case with a filing date of February 9, 2012.

SO ORDERED. This 11 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge